Case 2:13-cr-00231 Document 41 Filed in TXSD on 11/22/16 Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
November 22, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cr. No. 2:13-231 |
| | § | (CA. No. 2:16-276) |
| SETH WAYNE JOHNSON | § | |

## MEMORANDUM OPINION AND ORDER

Seth Wayne Johnson (Johnson) filed a motion vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and a motion for leave to file a memorandum of law in support. D.E. 39, 40. Johnson's motion for leave to supplement his motion (D.E. 40) is **GRANTED**, and the Court will consider his memorandum of law. However, having reviewed the § 2255 motion and supplement, the Court concludes that summary dismissal is appropriate because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2016) (2255 Rules).

### I. BACKGROUND

Johnson pleaded guilty to possession with intent to distribute marijuana and to being a felon in possession of a firearm in 2013. He was sentenced to 120 months on each count to be served concurrently. His sentence for drug trafficking was the statutory minimum sentence, and his sentence for the firearms violation was a statutory maximum sentence. *See* 18 U.S.C. 924(a)(2) and 21 U.S.C. § 841(b)(1)(A). Judgment was entered on the docket on May 21, 2014. Johnson did not appeal.

1

**II.     MOVANT'S CLAIMS**

Johnson challenges his sentence pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015) He claims, "The use of particular prior offenses are not applicable either for criminal history points nor for enhancements. See, Johnson and Descamps, retroactivity through Welch." D.E. 39, p. 5.

**III.    ANALYSIS**

   **A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

   **C.     *Johnson* Claim**

Johnson was sentenced to the statutory minimum sentence applicable to his drug trafficking conviction based on the drug quantity for which he was held responsible, 1152.73 kilograms of marijuana.[1] 21 U.S.C. § 841(b)(1)(A). Under the grouping rules, his firearms offense level was computed the same way. *See* U.S.S.G. § 3D1.3(a) ("The offense level for

---

[1] The PSR calculated Johnson's offense level based on drugs to be 32, plus two levels for possession of a dangerous weapon for a total level of 34 before acceptance of responsibility. Johnson had one criminal history point and a guideline sentencing range of 108 to 135 months imprisonment, with a minimum sentence of ten years on the drug charge. D.E. 20, ¶¶ 47-49.

2

counts grouped together is the offense level for the most serious of the counts comprising the group, *i.e.* the count resulting in the highest offense level in the group.").

The *Johnson* Court held that the residual clause defining a violent felony in 18 U.S.C. § 924(e) was unconstitutionally vague, but Johnson was not sentenced or enhanced based upon a violent felony or that statute. Accordingly, Defendant Johnson is not entitled to relief on his claim.

## IV.    CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Johnson has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84). As to claims that the district court rejects solely on procedural grounds, the movant

must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

The Court finds that Johnson cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, Johnson's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 39) is **DENIED**, and this action is **DISMISSED** with prejudice. Additionally, he is **DENIED** a Certificate of Appealability.

It is so **ORDERED**.

**SIGNED** this 22nd day of November, 2016.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE