United States District Court
Southern District of Texas
**ENTERED**
June 04, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:13-231 |
| | § | |
| SETH W. JOHNSON, | § | |
|   Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant/Movant Seth W. Johnson's Motion to Reduce Sentence Pursuant to the Rules Governing 18 U.S.C. § 3582(c)(1)(A). D.E. 43.

## I. BACKGROUND

In 2014, Defendant was convicted of possession with intent to distribute 1,152.73 kilograms of marijuana and being a felon in possession of a firearm. He was sentenced to 120 months' imprisonment on each count, to run concurrently, and has a projected release date of January 26, 2023. Defendant now moves the Court to reduce his sentence and grant immediate release based on extraordinary and compelling circumstances.

## II. LEGAL STANDARD

Defendant filed his motion pursuant to 18 U.S.C. § 3582(c). This statute, as amended by the First Step Act of 2018, provides:

> **(c) Modification of an Imposed Term of Imprisonment.—**The court may not modify a term of imprisonment once it has been imposed except that—
>   (1) in any case—
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or *upon motion of the defendant* after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or *the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,*

> whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > (i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The relevant Sentencing Commission policy statement provides that the court may reduce a term of imprisonment and grant release if, "after considering the factors set forth in 18 U.S.C. § 3553(a) . . . the court determines that extraordinary and compelling circumstances warrant the reduction" and that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." USSG § 1B1.13. In Application Note 1 to USSG § 1B1.13, the Sentencing Commission identifies the "extraordinary and compelling reasons" that may justify early release, which includes "family circumstances".

> **(C) Family Circumstances.--**
> *(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.*
> **(ii)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> **(D) Other Reasons.--**As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

USSG § 1B1.13 comment. (n.1) (emphasis added).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

### III. ANALYSIS

Defendant claims that he qualifies for compassionate release because his mother is elderly and has developed numerous health issues; he was her main provider; and, as the oldest child, he must be present to handle her legal affairs. He also cites the death of his daughter, whose medical expenses drove him to participate in drug trafficking.

Defendant does not claim that his mother or daughter is the caregiver of his own minor children, as required under USSG § 1B1.13. Moreover, the Director of the Bureau of Prisons (BOP) has not determined that any other extraordinary and/or compelling reason exists to support Defendant's release. In fact, Defendant does not claim to have pursued his remedies within the BOP before petitioning the Court for a sentence reduction, as required under 18 U.S.C. § 3582(c)(1)(A). Finally, although Defendant claims he has exhibited exceptional behaviour while incarcerated, he has not provided the Court with his prison disciplinary history.

For the foregoing reasons, the Court finds that Defendant has failed to meet his burden of showing that "extraordinary or compelling circumstances" warrant a reduction in his sentence or that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *See* USSG § 1B1.13.

### IV. CONCLUSION

Accordingly, Defendant's Motion to Reduce Sentence Pursuant to the Rules Governing 18 U.S.C. § 3582(c)(1)(A) (D.E. 43) is **DENIED**.

It is so **ORDERED** this 2nd day of June, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE